# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| JAMES TRAHAN | CIVIL ACTION NO. 05-1548-L |
| VS. | SECTION P |
| SOUTH LOUISIANA CORRECTIONS<br>    CENTER, ET AL | JUDGE DOHERTY |
| | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed by *pro se* plaintiff James Trahan on August 31, 2005, pursuant to 42 U.S.C. §1983. Trahan is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC). He is incarcerated at the Dixon Correctional Institute in Jackson, Louisiana, but he complains of an incident which occurred while he was incarcerated at the South Louisiana Correctional Center (SLCC) in Basile, Louisiana.

The complaint was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## STATEMENT OF THE CASE

The following relevant facts are established in the pleadings, or are allegations of plaintiff which are assumed to be correct for purposes of this Report and Recommendation: on November 22, 2004, plaintiff was an inmate in the custody of the LDOC classified as an

"industrial trusty" at SLCC where he was incarcerated; on that date, he was instructed by Sgt. Brady Brown to perform an assignment in the carpentry area of the facility; when he completed his assignment he began working on a "hobby craft" project for himself (apparently without seeking authorization or approval from the prison staff); while operating a table saw, he cut off one of his fingers and was transported to a hospital in nearby Eunice, Louisiana where he was treated by a physician, Dr. James Redman; the saw in question "...was not in proper working order..." and that this fact was known by Sgt. Brown; as a result of this incident, plaintiff was charged with a violation of LDOC Rule #28, an Aggravated Work Offense [Doc. 1-3, p. 5]; on November 25, 2004 a hearing was convened by the SLCC Disciplinary Board; at the conclusion of the hearing, plaintiff was sentenced to serve ten days in lock-down and to pay all of the medical bills; plaintiff appealed the decision of the Disciplinary Board and claimed therein that he "...was still doing [his] assignment ..." when the incident occurred; he asked that the Disciplinary Report be dismissed and that he be reinstated to his prison job [Doc. 1-3, p. 1]; on December 6, 2004, while plaintiff was in lock-down, he filed an emergency grievance complaining that it had been two days since his bandages had been applied. He claimed "...I will not leave my fingers open in lock down they need air..." [Doc. 1-3, p. 3]; on December 13, 2004, Nurse Michelle Maxie responded to the grievance stating, "Dressings were not changed because it was a pressure dressing and isn't removed for 72 hours after surgery. I ... changed the dressing after 72 hours." [Doc. 1-3, p. 4]

Plaintiff's complaint, filed on August 31, 2005, named only two defendants, the South Louisiana Correctional Center and Dr. James Redman. He prayed for an unspecified amount of damages for "pain and suffering" and for an "early release." [Doc. 1-1, p. 4]

## LAW AND ANALYSIS

### *1. Frivolity Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to

42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of

process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A;

28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2

F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be

granted if  it appears that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint. Of course, in making this determination, the

court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157

F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint

as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116,

1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given

broad discretion in determining when such complaints are frivolous. *Macias v. Raul A.

(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a

constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

It appears that plaintiff has pled his best case and need not be afforded any further opportunity to amend. Accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

### 2. Claims Against SLCC

Plaintiff has sued the South Louisiana Correctional Center. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether SLCC has the capacity to sue or be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. South Louisiana Correctional Center is a private prison operated by the Louisiana Corrections Services (LCS); thus, SLCC has no juridical identity and is not a proper party.

Plaintiff contends that Sgt. Brady Brown was at fault because he was aware that the table saw in question was not in proper working condition. [Doc. 1-1, p. 3] Plaintiff has not named Sgt. Brown as a defendant, but it is unnecessary to allow such an amendment because, accepting plaintiff's allegations as true, they constitute only a claim of negligence, which cannot constitute

the basis of a claim under §1983.

"[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Plaintiff's sole claim is that his injury was caused by a table saw that was not in proper working order, and that Sgt. Brown knew the saw was not in proper working order. [Doc. 1-1, p. 3]. Plaintiff's complaint is at best a claim for negligence and negligence is not a theory for affixing liability under §1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Benavides v. Santos*, 883 F.2d 385, 387 (5th Cir.1989).

With regard to the specific constitutional violation at issue, the complaint arguabley implicates the Eighth Amendment. The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)). See *Sampson v. King*, 693 F.2d 566, 569 (5th Cir.1982) ("In general, the state has a responsibility to protect the safety of its prisoners."). A prison official violates this duty when by act or omission he is <u>deliberately indifferent</u> to prison conditions which pose a substantial risk of serious harm. *Id.* at 834.

"To establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). See *Farmer v. Brennan*, 511 U.S. at 837 (holding that the subjective test for deliberate indifference requires that the official both know of and disregard an excessive risk of harm). The legal conclusion of deliberate indifference must rest on facts clearly evincing "obduracy and wantonness, not inadvertence or error in good faith." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). The Supreme Court has explained that [w]anton means reckless – without regard to the rights of others.... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure. *Smith v. Wade*, 461 U.S. 30, 39-40 n. 8, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) (quoting 30 American and English Encyclopedia of Law 2-4 (2d ed.1905) (footnotes omitted)).

"Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer v. Brennan*, 511 U.S. at 842. "[T]he 'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to

show deliberate indifference." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (quoting *Farmer v. Brennan*, 511 U.S. at 838).

Furthermore, "[i]n operating a prison, ... the state is not constitutionally required to observe all the safety and health standards applicable to private industry." *Sampson v. King*, 693 F.2d at 569 (citing *Ruiz v. Estelle*, 679 F.2d 1115, 1159 (5th Cir.1982)). The state is not "bound by the standards set by the safety codes of private organizations[,]" and any "[s]tandards suggested by experts are merely advisory." *Sampson v. King*, 693 F.2d at 569.

Plaintiff has not alleged that anyone, including Sgt. Brown, acted with "deliberate indifference" to a substantial risk of harm. While he does allege that Brown knew that the saw in question was not in proper working order, "deliberate indifference cannot be inferred merely from negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur County. TX*, 245 F.3d at 459. See *Whitley v. Albers*, 475 U.S. at 319 (holding that a violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's ... safety"); see also, *Bradley v. Puckett*, 157 F.3d at 1025 (stating that it is "obduracy and wantonness, not inadvertence or error in good faith" which characterizes conduct prohibited by the Eighth Amendment); see also *Choate v. Lockhart*, 7 F.3d 1370 (8th Cir.1993) (holding that there was no evidence of prison official's deliberate indifference to safety where an inmate was forced to work on a roof with a saw and the prison did not provide toe rails, rubber- soled shoes, or scaffolding); *Warren v. Missouri*, 995 F.2d 130 (8th Cir.1993) (holding that there was no evidence of deliberate indifference where an inmate was forced to work on an industrial table saw and the prison failed to equip the saw with safety features despite knowledge of prior injuries from the saw); and *Bibbs v. Armontrout*, 943 F.2d 26 (8th Cir.1991) (finding

insufficient evidence of deliberate indifference where an inmate was forced to work on a machine without safety guards because there was no evidence that prison officials "willfully overlooked the condition of the equipment" or that officials knew the safety guards were not used on the machine).

In short, the undersigned concludes that plaintiff's claims regarding his industrial accident constitute claims of negligence, and as such, they are insufficient to state a claim under §1983. *Daniels v. Williams*, 474 U.S. at 33. See *Stephens v. Johnson*, 83 F.3d 198, 200 (8th Cir.1996) (holding that in the workplace safety context, mere negligence or inadvertence is insufficient to demonstrate deliberate indifference). Many acts that might constitute a violation of state tort law do not rise to the level of a constitutional violation. *Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir.1988).

Plaintiff's claims thus lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### 3. Claims Against Dr. Redman

Section 1983 prescribes redress for conduct by any person who, *under color of state law,* acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, a plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law.

The instant complaint is devoid of any allegation or indication that Dr. Redman was acting under the color of state law. Plaintiff's pleadings suggest that the defendant physician is a private physician employed at Eunice Hospital, a facility separate and apart from the detention facility. Compare *West v. Atkins*, 487 U.S. 42, 49-52, 108 S.Ct. 2250, 101 L.Ed.2d 40 (private

physician acts under color of state law for §1983 purposes when treating patient in state prison under contract with state).

Nevertheless, even assuming for the sake of argument that Dr. Redman was in fact a "state actor," plaintiff must establish that he, too, was deliberately indifferent to plaintiff's serious medical needs. In order for an inmate to establish a §1983 claim of deliberate indifference to a serious medical need, plaintiff must allege a deprivation of medical care sufficiently serious to show that the state has abdicated a constitutionally-required responsibility to attend to his medical needs, and that the named state officials knew of and disregarded an excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Deliberate indifference must rise to a level of unnecessary and wanton infliction of pain proscribed by the Eight Amendment. *Id.* at 835-47. Negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a §1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999); see also *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991) (finding disagreement as to the correct medical treatment does not constitute an actionable civil rights claim).

At the very best, even assuming that Dr. Redman is a "state actor," plaintiff has not established deliberate indifference and therefore his claim against Dr. Redman should be dismissed as frivolous.

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted

pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on January 3, 2006.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)